IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELMER SORRELL, #28618-180 | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:13-CV-4437-L-BK |
| | § | |
| STATE OF TEXAS, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a federal prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a 1988 state court conviction. For the reasons that follow, it is recommended that the petition be summarily dismissed.

**I. BACKGROUND**

In 1988, Petitioner pled guilty to third degree felony escape and was sentence to two years' imprisonment. *State v. Sorrell*, No. F87-69250 (195th Judicial District Court, Dallas County, 1988). Petitioner did not appeal. (Doc. 3 at 3). Then, in 2002, he pled guilty to bank robbery and was sentenced to 180 months' imprisonment (enhanced based on the 1988 conviction). *United States v. Sorrell*, No. 1:02-CR-00106 (W.D. Tex., Austin Div., 2002). Thereafter, Petitioner unsuccessfully challenged his federal conviction and sentence. *See Sorrell v. United States*, No. 1:04-CV-664 (W.D. Tex. 2004) (denying 28 U.S.C. § 2255 motion to vacate as untimely); *Sorrell v. Bledsoe*, No. 3:09-CV-2476 (M.D. Penn. 2010) (dismissing 28 U.S.C. § 2241 petition disputing sentencing enhancement). Petitioner also sought state habeas relief in connection with his 1988 conviction, but the application was dismissed as non-complying. *See Ex parte Sorrell*, WR-78,558-01 (Tex. Crim. App. Oct. 24, 2012). Recently,

Petitioner filed a new section 2241 habeas petition in the United States District Court for the Central District of California, once again contesting the enhancement of his federal sentence based on the 1988 state conviction. *See Sorrell v. McGrew*, No. 2:13-cv-07609 (C.D. Cal. Filed Oct. 15, 2013) (pending).[1]

On November 5, 2013, Petitioner filed this section 2254 habeas petition, claiming that the 1988 escape charge was improperly indicted as a felony instead of a misdemeanor, and defense counsel rendered ineffective assistance. (Doc. 3 at 6-7). He seeks to correct the 1988 "flawed conviction" under section 2254, FED. R. CIV. P. 60(b), or under the All Writs Act, 28 U.S.C. § 1651. (Doc. 4 at 1).

## II. ANALYSIS

### "In Custody" Requirement

A federal court has jurisdiction to consider a writ of habeas corpus "in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added); *see Maleng v. Cook,* 490 U.S. 488, 490 (1989). A petitioner satisfies the "in custody" requirement, when the challenged conviction has not fully expired at the time he files a section 2254 petition. *Carafas v. Lavallee,* 391 U.S. 234, 238 (1968). While actual physical detention is not required, there must be some restraint on the liberty of a person to be "in custody." *Maleng*, 490 U.S. at 491. Generally "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.* at 492.

---

[1] The cases and dates listed were verified through information available on PACER (Public Access to Court Electronic Records) and state court Internet web pages (Dallas County and Texas Court of Criminal Appeals).

Here, Petitioner is not currently in custody pursuant to a judgment of a state court, but is instead in federal custody serving the 180-month sentence in case number 1:02-CR-00106. Petitioner admits completing the 1988 two-year state sentence, which he seeks to attack in this action. (Doc. 4 at 2). Moreover, although the 1988 state conviction was used to enhance his current federal sentence, Petitioner cannot satisfy the custodial prerequisite necessary to confer jurisdiction under section 2254. *See Maleng*, 490 U.S. at 492 (once sentence has expired, the petitioner does not remain "in custody" merely because of possibility that his conviction will be used to enhance a subsequent sentence). Therefore, this habeas petition should be dismissed for want of jurisdiction. *See Clark v. Jarvis*, No. 3:11-CV-3567-M-BK, 2012 WL 1065467 (N.D. Tex., Dallas Div.), *recommendation accepted*, 2012 WL 1065465 (N.D. Tex. 2012) (dismissing habeas petition because the petitioner was not in custody under state conviction used to enhance federal sentence that he was serving).[2]

In *Maleng*, 490 U.S. at 493-94, and *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401-02 (2001), the Supreme Court acknowledged that because a section 2254 petition could be construed as asserting a challenge on a current sentence enhanced by an allegedly invalid prior conviction, a petitioner could satisfy the "in custody" requirement for federal habeas jurisdiction despite the full expiration of his sentence. *See also Pleasant v. State of Texas*, 134 F.3d 1256, 1258-59 (5th Cir. 1998) (per curiam).

This Court, however, declines to re-characterize the section 2254 petition as one brought under section 2255, challenging his federal sentence in case number 1:02-CR-00106. Section

---

[2] In addition, because Petitioner's state habeas application was dismissed as non-complying, his claims remain unexhausted.

2255 requires that a motion to vacate be filed in the convicting court, which in the present instance would be the United States District Court for the Western District of Texas. Moreover, Petitioner previously filed a section 2255 motion challenging his federal sentence, and he has yet to seek leave to file a successive application in the appellate court raising the claims at issue in this case. Therefore, even if his section 2254 petition were re-characterized as a section 2255 motion to vacate the federal sentence, this Court would lack jurisdiction to consider the same. *See* 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h) (before a petitioner may file a successive application in the district court, a three-judge panel of the United States Court of Appeals must determine whether the applicant makes the requisite *prima facie* showing); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the United States Court of Appeals for the Fifth Circuit has granted the petitioner permission to file such a petition).

### Rule 60(b) and the All Writs Act

Alternatively, Petitioner seeks relief from the 1988 state conviction under FED. R. CIV. P. 60(b) and the All Writs Act. However, Rule 60(b) does not permit a collateral attack on a final state court criminal conviction. *See Holleman v. Quarterman*, No. 3:07-CV-1825-P, 2007 WL 4468651 *2 (N.D. Tex. Dec. 19, 2007) (dismissing request for Rule 60(b) relief for want of jurisdiction as an attempt to bypass the *Rooker-Feldman* doctrine); *see also United States v. Flores*, 380 Fed. Appx. 371, 372 (5th Cir. 2010) (unpublished per curiam) (Rule 60(b) applies only to civil cases and "simply does not provide relief from a judgment in a criminal case."). In addition, while Petitioner can contest the collateral consequences of a state conviction after his sentence is discharged through a writ of *coram nobis*, such a writ must be filed in the state

convicting court.  See Sinclair v. State of Louisiana, 679 F.2d 513, 514 (5th Cir. 1982) (a writ of error *coram nobis* is unavailable in federal court to attack a state criminal judgment).

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED** without prejudice for want of jurisdiction.

SIGNED November 8, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See* Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE